UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRIS GRAHAM; DENNIS LASSITER;
and ADAM CROWDER                                                                                PLAINTIFFS

v.                                        No. 2:22-CV-2026

BUTTERBALL, LLC; CHRISTOPHER
MARR; and JOHN DOES 1–3                                                                       DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants Butterball, LLC's and Christopher Marr's ("Butterball") summary judgment motion (Doc. 17). Butterball also filed a brief in support and statement of facts. (Docs. 18–19). Plaintiffs Chris Graham, Dennis Lassiter, and Adam Crowder responded (Doc. 22) and filed a brief in support and response to the statement of facts. (Docs. 23–24). Butterball replied (Doc. 25). The Court has reviewed all of the parties' materials. For the reasons given below, Butterball's summary judgment motion will be GRANTED.

**I.   Background**

This case arises out of Butterball's use of a video camera in their Ozark facility. All three plaintiffs worked for Butterball at the facility before leaving in 2019 or 2020. (Doc. 19, ¶¶ 1–3). Butterball installed cameras in the facility sometime in 2019 or 2020. *Id.* ¶ 4. The cameras were in plain view and located throughout the facility. *Id.* ¶¶ 5–8. Two plaintiffs testified there were no cameras in the employee breakroom, but one plaintiff testified there was a camera in the breakroom. *Id.* ¶¶ 9–10.[1] The Plaintiffs allege one camera—located in the facility's machine shop—recorded audio without their knowledge. (Doc. 4, ¶ 14).

---

[1] Defendant Christopher Marr filed a declaration stating that only the maintenance shop camera had functional audio features. (Doc. 25-1). After discovering the camera had functioning audio, Butterball disabled that feature. *Id.* Plaintiffs do not dispute this evidence.

1

To resolve these claims, it is important to understand the layout of the machine shop. Butterball employees used the machine shop as a common space to make or work on parts. (Doc. 19, ¶ 15). Plaintiffs described the machine shop as a 30-by-40 foot room that had two levels, no walls, and a number of large tables where employees could work. *Id.* ¶¶ 17–19. As many as ten employees could be in the room at one time. *Id.* ¶ 20. One of the plaintiffs testified that employees would "shoot the breeze" with other employees in the room. *Id.* ¶ 21. Two of the plaintiffs testified that any conversations Butterball may have overheard were aloud and easily overheard. *Id.* ¶ 14.

## II. Legal Standard

On a summary judgment motion, the movant has the burden to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Once the movant has met its burden, the non-movant must present specific facts showing a genuine dispute of material fact exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). For there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "To survive a motion for summary judgment, the nonmoving party must substantiate her allegations with sufficient probative evidence that would permit a finding in her favor based on more than mere speculation, conjecture, or fantasy." *Clay v. Credit Bureau Enters., Inc.*, 754 F.3d 535, 539 (8th Cir. 2014) (cleaned up).

## III. Analysis

Plaintiffs sued Butterball alleging violations of state and federal wiretap laws, invasion of privacy under an intrusion upon seclusion theory, and outrage. (Doc. 4). In their response, the

Plaintiffs withdrew their outrage claims. (Doc. 23, p. 11). The Court will address the wiretap claims and invasion of privacy claims in turn.

**a. Wiretap**

Plaintiffs allege that Butterball violated both state and federal wiretap laws. *See* Ark. Code Ann. § 5-60-120; 18 U.S.C. § 2511. These statutes impose criminal penalties for violations. *See id.* Federal law also authorizes a civil action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a). Butterball points out that Arkansas law does not authorize a similar civil action, and Plaintiffs fail to point to any state statute authorizing their suit. Due to this, the Court will dismiss Plaintiffs' wiretap claims under Arkansas state law.

For their federal claims, Plaintiffs allege that Butterball intercepted an oral communication. (Doc. 4, ¶ 17(b)). An oral communication is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2). The definition of oral communication incorporates Fourth Amendment expectation-of-privacy caselaw, and the test is "whether [Plaintiffs] expected [their] conversations to be free from interception, and whether, if [they] had this expectation, it was justified by the circumstances." *Angel v. Williams*, 12 F.3d 786, 790 (8th Cir. 1993) (quoting *Walker v. Darby*, 911 F.2d 1573, 1578 (11th Cir. 1990)). In other words, a person must show both a subjective and objective expectation of privacy. *See Azam v. City of Columbia Heights*, 865 F.3d 980, 989 (8th Cir. 2017) (citation omitted).

The Plaintiffs say they expected all of their conversations in the machine shop to be private. (Doc. 19, ¶ 26). The Plaintiffs base this argument in part on the private contents of their conversations, which involved discussing spouses, girlfriends, and other personal issues. *Id.*

However, Plaintiffs point to no evidence they tried to conceal their conversations in the machine shop. *See id.* ¶ 25.[2] As noted above, the machine shop is a common space. Plaintiffs also admit any conversations in the shop could be easily overheard. *Id.* ¶ 14. This admission is enough to show the Plaintiffs did not have a reasonable expectation of privacy because (1) individuals have less expectation of privacy in commercial property and (2) the Fourth Amendment does not protect "what a person knowingly exposes to the public, even in his home or office . . . ." *United States v. Lewis*, 864 F.3d 937, 941–42 (8th Cir. 2017) (quoting *Katz v. United States*, 389 U.S. 347, 351 (1967)). Based on the above admitted facts, the Court is not convinced that the Plaintiffs showed a subjective expectation of privacy in conversations at work that could be easily overheard.

Even if there were a colorable argument that Plaintiffs subjectively believed their conversations were private, there was certainly no objective expectation of privacy in common areas where Plaintiffs made no effort to have private conversations. *See Sullinger v. Sullinger*, 849 F. App'x 513, 522 (6th Cir. 2021) (no reasonable expectation of privacy when employees were "recorded in a common hallway and in another employee's office and [] in both places, they could easily be overheard and exhibited no intent to keep their conversations private"). Plaintiffs' conversations that were captured on audio took place in common areas where they could be easily overheard. This means that Plaintiffs, regardless of the conversations' contents, exposed the conversations to the public. This exposure is enough to show that Plaintiffs did not have an objective reasonable expectation of privacy in their oral communications. Thus, Butterball is entitled to summary judgment on the federal wiretap claims.

---

[2] The Court notes that Plaintiffs conducted no written discovery and no depositions. (Doc. 18, p. 2 n.1). Instead, most of Plaintiffs' factual assertions cite no evidence and never rise above speculation. Speculation and conjecture cannot defeat a summary judgment motion. *Clay*, 754 F.3d at 539. Plaintiffs admit all the facts necessary to defeat their claims.

### b. Invasion of Privacy—Intrusion Upon Seclusion

Under Arkansas law, an invasion of privacy tort based on an intrusion upon seclusion theory consists of "(1) an intrusion (2) that is highly offensive (3) into some matter in which a person has a legitimate expectation of privacy." *Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d 871, 875–76 (8th Cir. 2000). The Arkansas Supreme Court has stated "[a] legitimate expectation of privacy is the 'touchstone' of the tort of intrusion." *Wal-Mart Stores, Inc. v. Lee*, 74 S.W.3d 634, 644 (Ark. 2002) (citing *Fletcher*, 220 F.3d at 877). As discussed above, the Plaintiffs did not have a reasonable expectation of privacy in the conversations they had in the machine shop. Plaintiffs also admit they have not suffered damages because of the alleged intrusion, which is another required element for an intrusion upon seclusion claim. *See Coombs v. J.B. Hunt Transp., Inc.*, 388 S.W.3d 456, 460–61 (Ark. Ct. App. 2012) (citing Arkansas Model Jury Instruction 420). For these reasons, Butterball is entitled to summary judgment on the intrusion upon seclusion claim.

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendants Butterball, LLC's and Christopher Marr's summary judgment motion (Doc. 17) is GRANTED and Plaintiffs' claims are DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 22nd day of March, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE